UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREG LAYMAN,<br>　　Plaintiff,<br><br>v.<br><br><br>STUART ALLAN & ASSOCIATES,<br>　　Defendant. | CIVIL ACTION NO. 3:13-155<br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the expiration of its show cause order. (DE 6). On May 21, 2013, the Court directed Plaintiff Greg Layman, who is proceeding *pro se*, to respond within fourteen days and show cause as to why the case should not be dismissed. He has not responded.

Layman filed this action *pro se* in the General Sessions Court of Sevier County, and Defendant Stuart Allan & Associates removed asserting jurisdiction under 28 U.S.C. § 1331. (DE 1). Plaintiff's allegation consists of one sentence: "For violation of the fair credit reporting act–asking 10,762.39 plus treble damages and all costs." (DE 1-1, Civil Summons). On March 27, 2013, the Court ordered Plaintiff to provide a more definite statement of his claim pursuant to Federal Rule of Civil Procedure 12(e). (DE 4). Rule 12(e) provides, in part, that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). *See also Shallal v. Gates*, 254 F.R.D. 140, 143 (D.D.C. 2008) ("The Rule 12(e) remedy of striking the complaint is not toothless and does not

require the Court to wait in perpetuity and give the plaintiff an infinite number of chances to file an actionable claim.")

Plaintiff failed to respond with a more definite statement, so the Court then entered the show cause order. The Court mailed each order to Plaintiff, but he has not responded in any way in the two months since the original order was mailed on April 5, 2013. While *pro se* litigants are afforded leniency, this treatment is not limitless, especially when, as here, the *pro se* litigant is made aware of deficiencies in the pleading, is given a reasonable opportunity to remedy those deficiencies, and does not make the requisite corrections. *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). As a result, because Plaintiff has failed to comply with either the Court's order pursuant to Rule 12(e) for a more definite statement or the Court's show cause order, the Court will strike the complaint and dismiss the action. *See Davenport v. Roach Oil Co.,* No. 09-11793, 2011 WL 611905, at *2 (E.D. Mich. Feb. 11, 2011) (discussing a district court's discretion pursuant to Rule 12(e), and explaining that "while dismissal or other appropriate action is not a mandatory measure, 'if the court feels that a party has not satisfied an order to provide a more definite statement, the court may order dismissal or such other remedy 'as it deems just.'") (citation omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is STRICKEN and the action DISMISSED without prejudice.

This 7th day of June, 2013.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge