UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG LAYMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:13-155 |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| STUART ALLAN & ASSOCIATES, | ) | |
|     Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Plaintiff Greg Layman's motion for a four-day extension of time. (DE 8). On May 21, 2013, the Court directed Plaintiff, who is proceeding *pro se*, to respond within fourteen days and show cause as to why the case should not be dismissed. That deadline expired on June 5, 2013. It was the second time Plaintiff had missed a deadline. On March 27, 2013, the Court had given Plaintiff fourteen days to provide a more definite statement of the allegations in his complaint. Plaintiff did not respond, so the Court entered the show cause order. Therefore, on June 7, 2013, after the second missed deadline without a more definite statement, the Court entered an order striking Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(e) and dismissing the action, without prejudice. (DE 7).

Through this motion, Plaintiff seeks an extension of the show cause order's deadline. He states that he received notice of the show cause order via mail on May 24, 2013, and so he calculated the deadline as June 7, 2013. To meet his self-calculated deadline, he hand-delivered this motion (DE 8) and an amended complaint providing a more definite statement of his allegations. (DE 9). The Court construes the former of these documents liberally and in *pro se* Plaintiff's favor as a Federal Rule of Civil Procedure 60(b) request for relief from the Court's

June 7 order. *Williams v. Browman,* 981 F.2d 901, 903 (6th Cir. 1992) (per curiam). Grounds for relief under Rule 60(b) include the existence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). *Pro se* parties may obtain relief after committing understandable procedural errors. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1161 (6th Cir. 1980) ("The fact that a defendant was misled by certain procedural requirements, resulting in his failure to file a timely answer, has been a proper consideration by the courts in determining whether to grant relief under 60(b).").

In this case, Plaintiff understandably miscalculated the deadline based on his receipt of the Court's order on May 24, rather than its entry on May 21. This miscalculation led to his hand delivery on June 7, only two days after the actual deadline and just hours after the Court's dismissal order. Considering the relevant circumstances, there is little risk of prejudice to Defendant Stuart Allan & Associates, a minimal delay to the judicial proceedings, an understandable reason for Plaintiff's delay, which was also minimal, and good faith by Plaintiff. *See Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 386 (6th Cir. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993)). Given Plaintiff's actions, and also bearing in mind courts' strong preference for deciding cases on their merits, the Court concludes that any negligence by the Plaintiff is excusable and he is entitled to relief under Rule 60(b). Therefore, the Court will set aside its earlier order and set a time for Defendant to respond. *See* Fed. Civ. R. P. 12(a)(4).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Court's Order of June 7, 2013 (DE 7) is SET ASIDE;

2. Plaintiff's motion for a four-day extension of time is GRANTED (DE 8) to the extent that Plaintiff's amended complaint (DE 9) in response the Court's show cause order will be considered timely; and

3. Defendant will have until July 2, 2013, to respond to the amended complaint.

This the 12th day of June, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge