UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **GREG LAYMAN,**<br>    **Plaintiff,**<br><br>**V.**<br><br>**STUART ALLEN & ASSOCIATES, INC.,**<br>    **Defendant.** | **CIVIL ACTION NO. 3:13-CV-155-KKC**<br><br><br>**MEMORANDUM OPINION** |

*** *** ***

This matter is before the Court on Defendant Stuart Allen & Associates' ("SAA") motion for summary judgment (DE 23). On April 1, 2014, the Court held a telephonic conference at Plaintiff Greg Layman's request. The conference was held so that Mr. Layman, who was appearing pro se, could respond to SAA's motion for summary judgment. Mr. Layman missed the deadline to respond to the motion for summary judgment and in response to the Court's show cause order, requested a hearing. After considering all of the evidence submitted on the record and oral arguments at the hearing, the Court granted SAA's motion for summary judgment (DE 23).

**I. BACKGROUND**

In 2008 Mr. Layman entered into a contract with Great Lakes Hybrid, a seed company. (DE 9, p. 1). Mr. Layman and Great Lakes disagreed about whether he had paid $6,782.00 to Great Lakes, and as a result, Great Lakes brought suit in Tennessee state court to recover the money. (DE 9, p. 1). The suit ultimately ended in Mr. Layman's favor in March, 2011.

Prior to the resolution of the lawsuit, in July of 2008, Great Lakes placed an account in Mr. Layman's name with Defendant SAA, a collection agency. (DE 24, p. 2). In August 2009,

SAA reported the account to the credit reporting agencies: Experian, Equifax, and Trans Union. (DE 24, p. 3).

On Friday, April 22, 2011, after Great Lakes' case against Mr. Layman had been dismissed, Great Lakes contacted SAA and asked that SAA delete the account information that had been reported to the credit agencies. On Monday, April 25, 2011, as a courtesy,[1] SAA made the request with Experian,, Equifax, and Trans Union to delete the tradeline referencing Mr. Layman's account. (DE 4, p. 3); (DE 23-1). According to Mr. Layman, however, such a change was not reflected in his credit report until much later in January, 2013.[2]

**II. ANALYSIS**

Unfortunately, based on the facts Mr. Layman alleges, his grievances are broader than the narrow issues before this Court concerning this defendant. Mr. Layman brings his complaint under the Fair Credit Reporting Act ("FCRA") and alleges that SAA was negligent and unsuccessful in its attempts to delete the negative information from his credit report. (DE 9). While the Court is sympathetic to the facts of Mr. Layman's case, his claim is not actionable under the FCRA against SAA because SAA complied with the FCRA. Here, there are no material facts in dispute, and Mr. Layman's claim fails as a matter of law.

Under the FCRA, SAA is considered a "furnisher" of information to consumer reporting agencies. (DE 24, p. 5). A furnisher has a duty to investigate and review information only *after* a credit reporting agency ("CRA) informs a furnisher that a consumer disputes information on his or her report. *Yaldu v. Bank of Am. Corp.*, 700 F. Supp.2d 832, 843 (E.D. Mich. 2010).

---

[1] Notably, SAA's attempt to delete the information in April 2011 was only a courtesy to Mr. Layman, as a furnisher's duty to investigate and take action, as explained in this opinion, arises only after a credit reporting agency has given notice of a consumer complaint.

[2] This information is not provided in the complaint. At the telephonic conference, Mr. Layman referred to several facts and exhibits not filed in the record.

Thus, "an individual may not pursue a claim against the furnisher of information under the statute [the CFRA], even if the individual has apprised the furnisher of information of the dispute. Thus, the duty of a furnisher . . . is triggered *only* after the furnisher receives notice of the dispute from a consumer reporting agency." *Westbrooks v. Fifth Third Bank*, No. 3:05-0664, 2005 WL 3240614, at *4 (M.D. Tenn. Nov. 30, 2005).

Here, Mr. Layman simply has not alleged in his complaint, nor at the telephonic conference that he reported the information to a credit reporting agency, or that a credit reporting agency notified SAA. Thus, even if Mr. Layman contacted SAA directly, no duty to investigate arose, and Mr. Layman's claim under the CRA fails as a matter of law.

### III. CONCLUSION

Accordingly, for the above stated reasons and for the reasons previously stated on the record at the telephonic conference, the Court has granted SAA's motion for summary judgment (DE 23).

This 4th day of April, 2014.

*signature*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY